### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

FRANK PATE,

        *Plaintiff*,

    v.

FEDERAL BUREAU OF PRISONS, *et al.*,

        *Defendants*.

Civil Action No. 21-202 (RDM)

### MEMORANDUM OPINION

Plaintiff Frank Pate is currently serving a 210-month sentence in federal prison in Pensacola, Florida, after a jury convicted him in 2015 of two counts of wire fraud and one count of mail fraud. On January 11, 2021, Plaintiff, who is proceeding *pro se*, brought this action against the Federal Bureau of Prisons ("BOP") and the Director of the BOP, alleging that Defendants failed to issue a decision as to Plaintiff's request for compassionate release, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. Dkt. 1 at 2–3 (Compl. ¶ 3). [1] In his complaint, Plaintiff asks the Court to order the Director to "issue a written [d]etermination" as to his request for compassionate release. *Id.* at 7 (Compl. ¶ 10). Before the Court is Defendants' motion to dismiss Plaintiff's complaint. Dkt. 15. For the reasons set forth below, the Court will **GRANT** Defendants' motion and will **DISMISS** the

---

[1] On May 19, 2021, Plaintiff filed a motion for preliminary injunction in which he sought to challenge his incarceration on the grounds that he was never convicted of a federal offense. Dkt. 12 at 2. On July 7, 2021, the Court denied that motion because the "alleged wrong that Plaintiff [sought] to remedy with a preliminary injunction [was] different from the wrong alleged in the complaint" and because, to the extent Plaintiff sought to challenge his conviction or detention, he was required to do so either in the court in which he was sentenced, 28 U.S.C. § 2255, or in the district in which he is confined, *id.* § 2241. Order, Dkt. 18 at 2.

complaint.

The allegations in Plaintiff's complaint are far from clear.  At various points, Plaintiff invokes the APA, 5 U.S.C. §§ 701–706; the federal compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A); substantive due process; and equal protection.  *See* Dkt. 1 at 1, 4, 7, 8 (Compl. ¶¶ 5, 9, 10).  But Plaintiff is proceeding *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  In keeping with this standard, the Court construes Plaintiff's complaint to assert an APA claim to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Three aspects of the complaint support this reading: First, although Plaintiff does not focus on Section 701(6), he broadly invokes "Title 5 of the US Code, subsections 701–706." Dkt. 1 at 1 (Compl.).  Second, at various points, the complaint alleges that Defendants had a duty to take certain actions in response to Plaintiff's request for compassionate release. Plaintiff avers, for example, that "[t]he BOP and the Director[] have failed to apply BOP Policy," *id.* (Compl. ¶ 1); that, under BOP policy, it "is burdened on the Director of the BOP" that he "shall determine if extraordinary and compelling reasons exist[] pertaining to the inmates' circumstances," *id.* at 2 (Compl. ¶ 3); and that "BOP has failed to seek a determination from the Director, as to his personal circumstances as required," *id.* at 3 (Compl. ¶ 3).  Finally, in his request for relief, Plaintiff asks the Court to "ORDER the Director of the BOP [to] issue a written Determination as to Petitioner[']s current circumstances, as is his requirement under 1(D) of the BOP Policy statement."  *Id.* at 7 (Compl. ¶ 10).  These allegations are reasonably construed to compel agency action unlawfully withheld under

Section 706(1).[2]

"[A] claim under [Section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 64 (2004). Section 706(1), moreover, "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing *how* it shall act." *Id.* (quotation marks omitted). Defendants maintain that Plaintiff's complaint must be dismissed because "Plaintiff has cited to no law which requires the Defendants to investigate his circumstances and grant him a compassionate release." Dkt. 15-1 at 14.

As an initial matter, there is some uncertainty as to whether the threshold requirement to identify a "discrete agency action" that Defendant is "required to take" is a jurisdictional or merits inquiry. *See Long Term Care Pharmacy All. v. Leavitt*, 530 F. Supp. 2d 173, 187 n.7

---

[2] The Court does not understand the complaint to raise a claim for compassionate release under 18 U.S.C. § 3582(c)(1)(A). That statute permits a court to "reduce [a] term of imprisonment" "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," *id.* § 3582(c)(1)(A), if the court finds that "extraordinary and compelling reasons warrant such a reduction," § 3582(c)(1)(A)(i), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," *id.* § 3582(c)(1)(A)(ii). Although Plaintiff invokes the compassionate-release statute, Dkt. 1 at 4 (Compl. ¶ 5), and asserts that certain aspects of his medical history qualify as "extraordinary and compelling reasons" warranting a reduction, *id.* at 3 (Compl. ¶ 3), he does so not by way of requesting compassionate release from this Court but, rather, to illustrate why, in his view, the Director must review his request. Indeed, the only relief Plaintiff requests in his complaint is an order compelling the Director to issue a written decision on Plaintiff's request. *Id.* at 7 (Compl. ¶ 10). In any event, even if Plaintiff were to raise a claim for compassionate release under Section 3582(c)(1)(A), the Court would lack subject-matter jurisdiction to hear it, since a motion for compassionate release may be raised only before the court that sentenced the inmate, *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020); *see United States v. Smith*, 896 F.3d 466, 473 (D.C. Cir. 2018), which in this case is the Eastern District of Texas. *See* Dkt. 15-1 at 6.

(D.D.C. 2008).  This distinction matters insofar as it affects the kinds of information the Court may consider when resolving a motion to dismiss.  Specifically, in assessing a motion to dismiss for failure to state a claim, "a court may consider only 'the facts contained within the four corners of the complaint,' along with 'any documents attached to or incorporated into the complaint, matters of which the court may take judicial notice, and matters of public record.'" *Lamb v. Milennium Challenge Corp.*, No. 19-589, 2021 WL 4439234, at *3 (D.D.C. 2021) (citations omitted) (first quoting *Nat'l Postal Pro. Nurses v. U.S. Postal Serv.*, 461 F. Supp. 3d 24, 28 (D.D.C. 2006); and then quoting *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 193 (D.D.C. 2011)).  By contrast, when a party seeking dismissal raises factual issues that call into question the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."  *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).  As relevant here, Defendants have attached two exhibits to their motion to dismiss: a letter from the Warden to the Plaintiff denying his request for compassionate release, *see* Dkt. 15-4, and a declaration from Patrick Kissell, the Administrative Remedy Specialist at the BOP, which explains that Plaintiff has not appealed the Warden's denial of his request, as is required for the agency to take further action under 28 C.F.R. § 571.63, Dkt. 15-3.

Although the D.C. Circuit has yet to confront this threshold question, multiple judges on this Court and other courts have treated the requirement to identify a discrete action the agency at issue is required to take as a jurisdictional inquiry.  *See Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113 (D.D.C. 2015); *Hamadi v. Chertoff*, 550 F. Supp. 2d 46 (D.D.C. 2008); *see also Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1113 (9th Cir. 2005) (dismissing a Section 706(1) action for lack of standing because the

4

plaintiff failed to allege a failure to take a discrete agency action). These decisions have principally relied on the Supreme Court's decision in *SUWA*, a Section 706(1) case in which the Court set aside a Tenth Circuit decision reversing a district court's dismissal for lack of subject-matter jurisdiction. In *SUWA*, the Court equated a Section 706(1) claim with a mandamus action, explaining that Section 706(1) "carried forward the traditional practice prior to [the APA's] passage, when judicial review was achieved through use of the so-called prerogative writs—principally writs of mandamus." 542 U.S. at 63. The Court then delineated the scope of Section 706(1) with reference to the traditional limits on mandamus relief, reasoning that because "[t]he mandamus remedy was normally limited to enforcement of a specific unequivocal command, the ordering of a precise, definite act . . . about which [an official] had no discretion whatever, . . . [Section] 706(1) empowers a court only to compel an agency to perform a ministerial or non-discretionary act" that is "legally *required*." *Id.* at 63–64 (second alteration in original) (citations omitted) (quotation marks omitted). Importantly, in a mandamus action, the threshold requirement that a plaintiff identify a "clear duty to act"—the analogue to Section 706(1)'s requirement to identify an action the agency is "required to take"—poses a jurisdictional hurdle. *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Thus, the theory goes, since Section 706(1) is essentially equivalent to a mandamus action, and the threshold requirement for a clear nondiscretionary duty is jurisdictional for mandamus, it must be jurisdictional for Section 706(1) as well. *See SUWA v. Babbitt*, No. 2:99CV852K, 2000 WL 33914094, at *2 (D. Utah 2000), *rev'd sub nom.*, *SUWA v. Norton*, 301 F.3d 1217 (10th Cir. 2002), *rev'd*, 542 U.S. 55 (2004).

It bears emphasis, however, that the Supreme Court did not decide this question in *SUWA*. The Court agreed that Section 706(1) "carried forward" the remedy traditionally

available in mandamus, 542 U.S. at 63, but said nothing about the final step in the syllogism: that is, because the clear-nondiscretionary-duty requirement in mandamus is jurisdictional, the similar requirement under Section 706(1) must also be jurisdictional.  It is unclear, therefore, whether the Court intended to signal that Section 706(1) "carried forward" the *jurisdictional* rules applicable in mandamus.  There is reason to doubt that the Court intended to do so, however.  For one thing, federal courts' jurisdiction to hear mandamus actions and Section 706(1) claims is premised on different statutes—28 U.S.C. § 1361 in the case of mandamus, and 28 U.S.C. § 1331 in the case of Section 706(1)—and ascertaining whether a threshold limitation on a statute's scope is jurisdictional is a statute-specific inquiry, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514–515 (2006).  It is also significant that Section 706(1) is part of the APA.  Courts have long held that the "judicial review provisions of the APA are not jurisdictional," *Air Courier Conf. v. Am. Postal Workers Union*, 498 U.S. 517, 523 n.3 (1991), and that the "APA's final agency action requirement is not jurisdictional," *Trudeau v. FTC*, 456 F.3d 178, 184 (D.C. Cir. 2006).  And, notably, the APA defines "agency action" to include a "failure to act."  5 U.S.C. § 551(13).  Put together, these considerations suggest that the threshold requirement to identify a nondiscretionary action the agency was required to take goes to the merits, not jurisdiction—a conclusion reached by at least one judge on this Court, *Friends of the Earth v. U.S. Dep't of Interior*, 478 F. Supp. 2d 11, 23, 26–28 (D.D.C. 2007).

Ultimately, however, the Court need not resolve this issue, because the complaint must be dismissed for a reason that clearly *is* jurisdictional: Plaintiff lacks Article III standing to maintain this action.  Although the parties do not discuss standing in their briefs, the Court is "obligated to consider *sua sponte* issues," like standing, that "go[] to [its] subject-matter jurisdiction," *Gonzalez v. Thayer*, 565 U.S. 134, 141 (2012).  In doing so, moreover, the Court

can and should consider evidence outside the pleadings. *Phoenix Consulting Inc.*, 216 F.3d at 40. As relevant here, the Court has before it unrebutted evidence establishing that Plaintiff has already received the process he seeks under the compassionate-release statute and BOP regulations. As a result, he has not suffered an injury in fact that the Court can redress by compelling BOP to act on his request for compassionate release.

The federal compassionate-release statute provides that a defendant may bring a motion to modify his sentence after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," if the BOP has not brought a motion on the defendant's behalf within that time. 18 U.S.C. § 3582(c)(1)(A). The regulations implementing Section 3582(c)(1)(A), in turn, set forth an extensive process for BOP to review compassionate-release applications. 28 C.F.R. § 571.61(a) provides that a "request for a motion under . . . 3582(c)(1)(A) shall be submitted to the Warden" and that, "[o]rdinarily, the request shall be in writing, and submitted by the inmate." Before BOP can move for compassionate release, the inmate's application must be reviewed "by the Warden, the General Counsel, and either the Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical referrals, and with the approval of the Director, Bureau of Prisons." 28 C.F.R. § 571.62(a). The Warden must "promptly review a request for consideration under . . . 3582(c)(1)(A)" and, if she "determines that the request warrants approval," she "shall refer the matter in writing with recommendation to the Office of General Counsel." *Id.* § 571.62(a)(1). If the General Counsel determines that the request warrants approval, she "shall solicit the opinion of either the Medical Director or Assistant Director, Correctional Programs Division." *Id.* § 571.62(a)(2). With this opinion, the General Counsel then "shall forward the entire matter to the Director . . . for final decision." *Id.*

If, however, an "inmate's request is denied by the Warden," the Warden must provide "written notice and a statement of reasons for the denial." *Id.* § 571.63(a).  Importantly, if the Warden denies an inmate's request, the regulations demand no further action from the BOP unless and until the inmate "appeal[s] the denial through the Administrative Remedy Procedure (28 C.F.R. part 542, subpart B)." *Id.*  If, on the other hand, the Warden approves the inmate's request and forwards the request to the General Counsel or Director, and one of those officials denies the request, the regulations mandate that the denying official "shall provide the inmate with a written notice and statement of reasons for the denial." *Id.* § 571.63(b), (c).  And, if the Director denies a request, she must "provide the inmate with a written notice and statement of reasons . . . within 20 workdays after receipt of the referral from the Office of General Counsel." *Id.* § 571.63(c).  A denial by either the Director or the General Counsel constitutes a "final administrative decision." *Id.* § 571.63(b), (c).

In short, the compassionate-release regulations establish a multilayered process through which BOP officials review and decide upon inmate applications.  In this case, the thrust of Plaintiff's APA claim is that the BOP has not issued a decision upon his application for compassionate release and that this failure to act causes him an injury in fact.[3]  But here,

---

[3]  In his complaint, Plaintiff invokes Section 1(D) of BOP Program Statement 5050.50, which he claims creates a mandatory duty on the part of the Director to review his claim for compassionate release.  According to Plaintiff, that section mandates that "the Director of the Bureau of Prisons shall determine if extraordinary and compelling reasons exist[] pertaining to the inmates' circumstances." Dkt. 1 at 2 (Compl. ¶ 3).  There are two problems with this assertion.  First, BOP Program Statement 5050.50 does not have a section 1(D), nor does the language that Plaintiff quotes appear anywhere in that document.  Second, informal agency guidelines like Program Statement 5050.50, generally are not capable of creating mandatory legal duties of the kind necessary to sustain a mandamus action or an order compelling agency action under Section 706(1).  *Cf. Ctr. for Biological Diversity v. Zinke*, 260 F. Supp. 3d 11, 21 (D.D.C. 2017) ("[T]he 'law' that generates a mandatory duty need not be a statute—it can also be an 'agency regulation[] that ha[s] the force of law[.]'" (alterations in original) (quoting SUWA, 542 U.S. at 65)).

unrebutted evidence attached to Defendants' motion to dismiss shows that the BOP has already

acted upon Plaintiff's compassionate release application, and so there is no relief the Court

could provide that would redress an injury in fact.  As a result, Plaintiff lacks standing to

maintain this action. *See Ranchers-Cattlemen Action Legal Fund v. USDA*, No. 20-2552, 2021

WL 4462723, at *4 (D.D.C. Sept. 29, 2021) ("[A] plaintiff must [establish] "the 'three

elements' that comprise the 'irreducible constitutional minimum of standing': injury in fact,

causality, and redressability." (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61

(1992))).

  In considering whether it has subject-matter jurisdiction, the Court must consider the

exhibits that Defendants attached to their motion to dismiss—namely, the letter Plaintiff

received from the warden of his facility, Dkt. 15-4, and the declaration of Patrick Kissell, the

Administrative Remedy Specialist at the BOP, Dkt. 15-3.  Together, these exhibits show that

(1) Plaintiff submitted a request for compassionate release to the Warden, Dkt. 15-4 at 1; (2)

the Warden denied Plaintiff's request and provided written notice and a statement of reasons

for the denial, as required by 28 C.F.R. § 571.63(a), Dkt. 15-4 at 1–2; and (3) Plaintiff failed to

appeal the Warden's denial within 20 calendar days, as required by 28 C.F.R. § 542.15(a), Dkt.

15-3 at 3–4.  Plaintiff's opposition to the motion to dismiss makes no effort to rebut these facts.

Dkt. 19.  Under 28 C.F.R. § 571.63, the BOP's review process is complete once the Warden

denies an inmate's request for compassionate release and the inmate does not file an

administrative appeal of the Warden's decision.  Therefore, the Court concludes that there is

not currently a request pending before the BOP on which the Court can order the agency to act.

  Accordingly, Plaintiff has not suffered an injury in fact that is redressable by an order

of this Court, and so the Court will dismiss Plaintiff's complaint for lack of standing.  The

Court further concludes that any effort to replead this claim would be futile in light of the Warden's denial of Plaintiff's request; Plaintiff's failure to appeal that denial within 20 calendar days; and Plaintiff's failure to demonstrate a valid reason for delay that might support a more-than-one-year extension in the time to file an appeal, *see* 28 C.F.R. § 542.14(b).  Thus, the Court will deny Plaintiff leave to amend and will dismiss the claim with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996); *Carty v. Author Sols., Inc.*, 789 F. Supp. 2d 131, 135–36 (D.D.C. 2011).

Accordingly, the Court will **GRANT** Defendant's motion to dismiss, Dkt. 15, and will **DISMISS** Plaintiff's complaint with prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 29, 2021

10